UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>-against-<br><br>GLEN LEIBOWITZ,<br><br>                              Defendant. | Case No. 1:25-cv-02155 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On May 27, 2025, the Securities and Exchange Commission ("Commission") filed a letter appending a proposed Protective Order. Dkt. 24. The Government represented that the parties agreed upon the Protective Order's provisions, except for Paragraph 9, which states:

> Notwithstanding the foregoing or any other provision of this Protective Order, nothing in this Protective Order shall prevent [the Commission] from using or disclosing any materials, including Confidential Information, in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws and regulations, including as delineated in the Commission's Form 1662 (citation omitted).

Dkt. 24 at 1.

On May 30, 2025, Defendant Glen Leibowitz ("Leibowitz") filed a letter requesting modifications to Paragraph 9 to provide for notice and an opportunity to object to certain disclosures of confidential information:

> However, the Commission, prior to disclosing any materials, including Confidential Information, to a state accountancy or audit board, a licensing or oversight authority relating to accountants or public company auditors, or a professional accounting association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board), must first notify Mr. Leibowitz's counsel by email so that Mr. Leibowitz may have an opportunity to object to such production. Within five (5) business days of receiving such notice, Mr. Leibowitz must file with the Court any such objection, laying out the reasons for his objection. The

1

      Commission will have five (5) business days to respond to any objection. No reply papers will be permitted. The Court, in its discretion, will then determine whether the Commission's proposed disclosure of materials is appropriate.

Dkt. 27 at 3.

      On June 3, 2025, the Commission filed a reply, rejecting Leibowitz's proposed carveout to Paragraph 9. *See generally* Dkt. 30. For the following reasons, the Court adopts the Commission's proposed language, with a minor revision, and rejects Leibowitz's proposal.

## DISCUSSION

      Under 15 U.S.C. § 78x(c), the "Commission may, in its discretion and upon a showing that such information is needed, provide all 'records' (as defined in subsection (a)) and other information in its possession to such persons, both domestic and foreign, as the Commission by rule deems appropriate if the person receiving such records or information provides such assurances of confidentiality as the Commission deems appropriate." 15 U.S.C. § 78x(c). 15 U.S.C. § 78x(f)(1) provides that the Commission "shall not be deemed to have waived any privilege applicable to any information by transferring that information to or permitting that information to be used by," among others, the Public Accompany Accounting Oversight Board. 15 U.S.C. § 78x(f)(1). SEC regulations in turn further clarify the persons and entities with whom the Commission may share nonpublic information, including, as relevant here, "[a] bar association, state accountancy board or other federal, state, local or foreign licensing or oversight authority, or a professional association or self-regulatory authority to the extent that it performs similar functions." 17 C.F.R. § 240.24c-1(b)(7).

      Given the Commission's statutory authority, conferred by Congress, to share materials in its discretion with certain federal, state, and local entities, including the Public Company

Accounting Oversight Board and other professional oversight boards, the Court finds no basis for granting Leibowitz notice and an opportunity to object to any such disclosure. The Court in *U.S. Secs. & Exchange Commission v. Vuuzle Media Corp*. declined to grant a similar request for conditions on the SEC's disclosure of confidential information, noting that there was already a "comprehensive" statutory and regulatory framework in place governing the SEC's disclosures. No. 2:21-cv-01226 (KSH) (CLW), 2022 WL 577968, at *8 (D.N.J. Feb. 14, 2022), *aff'd*, 2022 WL 1156762 (D.N.J. Apr. 19, 2022). *Vuuzle* emphasized that "'[t]he Securities and Exchange Commission has been entrusted by Congress with the interpretation, administration, and enforcement of the Securities Acts,'" including "control over the disclosure of confidential information, discretion as to which is statutorily vested in the SEC." *Id.* at *8 (quoting *City Capital Assocs. Ltd. P'ship v. Interco, Inc.*, 860 F.2d 60, 64 (3d Cir. 1988); citing 15 U.S.C. § 78x(c)). The Court agrees with *Vuuzle* that "[t]o augment the statutory scheme without a specific showing of good cause would be to undermine the Congressional confidence placed in the Commission." *Id.*; *see also* Order, *SEC v. Watkins et al.*, No. 16-cv-3298 (N.D. Ga.), ECF. 61 at 4 (May 5, 2017) ("[T]he SEC has statutory authority to make such disclosures in its discretion . . . The Court will not take away powers from the SEC given to it by statute." (citing 15 U.S.C. § 78x; 17 C.F.R. § 240.24c-1)).

   Leibowitz cites *Securities & Exchange Commission v. Pulier*, an out-of-district case, to argue that Form 1662 governs only the sharing and disclosure of information relating to SEC investigations, not litigation. Dkt. 27 at 1 (citing *SEC v. Pulier*, No. 17-cv-07124 (PSG), 2020 WL 553571, at *2 (C.D. Cal. Jan. 30, 2020)). Section 1662 is not, however, the SEC's only basis for disclosure of materials, and *Pulier* does not address the SEC's statutory authority to disclose materials to certain entities. *Id.* at *3. As the *Vuuzle* court held, and this Court agrees, the statutory grants of authority for the SEC to share information with other

entities are not limited to the investigatory arena. *See Vuuzle*, 2022 WL 577968, at *4 ("A careful review of the statutory authority, however, refutes the notion that the SEC's right to share information is limited to the investigatory arena.").[1] In finding that the SEC's authority was not so limited, *Vuuzle* pointed to, among other things, 15 U.S.C. § 78x(a)'s statutory text, which defines the "records" that the SEC may disclose broadly as including "all applications, statements, reports, contracts, correspondences, notices, and other documents filed with or otherwise obtained by the Commission pursuant to this chapter or otherwise." *Id*. Absent from the statute is any limiting language suggesting that that definition encompasses only materials from SEC investigations.

The Court will, however, excise the reference to section 1662, which is focused on SEC investigation materials rather than discovery. *See Vuuzle*, 2022 WL 577968, at *2 n.3 finding that "Forms 1661 and 1662 are improper bases" for provision authorizing SEC disclosures). As the court in *Pulier* held, "Form 1662 does not appear to be applicable to subpoenas issued in pending litigation," but instead, applies to "subpoenas issued by the SEC in its own investigations and enforcement proceedings." *Pulier*, 2020 WL 553571, at *2. That is evidenced by Section 1662's "references [to] the 'Commission's investigation,' the 'Commission's Rules on Informal and Other Procedures,' and 'Commission enforcement proceedings,'" *Id.* at *2, as well as Form 1662's heading: "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information

---

[1] The Court gives little weight to Leibowitz's citation of protective orders omitting the proposed form section 1662 language. *See, e.g., Pulier*, 2020 WL 553571, at *2 ("With respect to the SEC's argument that the provisions should be included because they have previously been included in protective orders issued in this district, the Court finds that stipulated protective orders issued in other cases offer little guidance as parties are free to agree to provisions that a court may not otherwise impose had there been a dispute.").

4

Pursuant to a Commission Subpoena," Sec. & Exch. Comm'n, Form 1662, available at:

https://www.sec.gov/files/sec1662.pdf.

    The parties are therefore directed to file a revised Protective Order that includes the language proposed by the SEC, but omits the last clause referencing section 1662.

Dated: June 13, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge