UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

-against-

GLEN LEIBOWITZ,

                        Defendants.

Case No. 1:25-cv-02155 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

       Plaintiff Securities and Exchange Commission (the "Commission" or "Plaintiff") brings this civil enforcement action against Glen Leibowitz ("Leibowitz" or "Defendant"), alleging that Leibowitz, in his role as the Chief Financial Officer ("CFO") of Acreage Holdings, Inc. ("Acreage"), falsified Acreage's accounting records and misrepresented material facts to Acreage's outside audit firm. The Commission asserts that Leibowitz violated Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(b)(5), and Rules 13b2-1 and 13b2-2 promulgated thereunder, 17 C.F.R. §§ 240.13b2-1, 240.13b2-2, as well as aided and abetted Acreage's violations of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A). Now before the Court is the Commission's motion to strike Leibowitz's Thirteenth Affirmative Defense for contribution and all defenses asserting reliance on the advice of counsel and good-faith belief in the lawfulness of Leibowitz's actions, including Leibowitz's Eleventh Affirmative Defense and any such assertions in the Fourth, Ninth, and Tenth Affirmative Defenses, pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). Dkt. 20; Dkt. 21 ("Br."). For the reasons set forth below, the Commission's motion is DENIED.

## BACKGROUND

I.  **Factual Background**

Leibowitz is a certified public accountant and served as the CFO of Acreage, a publicly traded company in the cannabis industry. Dkt. 1 ("Compl.") ¶¶ 1, 16. The Commission charges Leibowitz with actively participating in a fraudulent round-trip cash transfer designed to artificially inflate Acreage's cash balance for Fiscal Year ("FY") 2019. Compl. ¶¶ 35-119. Specifically, the Complaint alleges that, "with Leibowitz's knowledge and active participation," Acreage caused an affiliated entity, Entity A, to transfer over $4 million to Acreage prior to year-end 2019, Compl. ¶ 2, "with an unconditional assurance that Acreage would send the full amount right back to Entity A in early January 2020," Compl. ¶ 36; *see also* Compl. ¶ 37. The receipt of this money increased Acreage's existing cash balance as of December 31, 2019, by over 15 percent, bringing the company's total cash balance to approximately $30.7 million. Compl. ¶ 80.

Leibowitz assisted Acreage's accounting staff in creating journal entries that "mischaracterized the round-trip transaction and concealed its true purpose." Compl. ¶ 3; *see also* Compl. ¶¶ 93-97. When employees escalated concerns about the transaction, Leibowitz "directed Acreage's accounting staff to record an additional journal entry that effectively reversed the round-trip transaction by making it falsely appear as if Acreage had returned the funds in December 2019 rather than January 2020," and as a result, the transaction was not reported in Acreage's publicly reported financial statements for FY 2019. Compl. ¶ 4; *see also* Compl. ¶¶ 97-103. The Complaint charges Leibowitz with subsequently lying to Acreage's outside auditor "on multiple occasions" during its audit of Acreage's FY 2019 financial statements "in order to cover up his participation in the planned scheme." Compl. ¶ 5; *see also* Compl. ¶¶ 120-141.

The Complaint alleges that two Acreage senior officers were also involved in this round-trip cash transaction, and that Leibowitz and the officers corresponded regarding the transaction. *See, e.g.*, Compl. ¶¶ 38-39, 42-43, 72-74, 81.

## II. Procedural History

On March 14, 2025, the Commission commenced this civil enforcement action against Leibowitz. *See generally* Compl. On April 10, 2025, Leibowitz filed an Answer to the Complaint, asserting thirteen affirmative defenses. Dkt. 12. In his Thirteenth Affirmative Defense, Leibowitz asserts "a right to contribution based on the alleged negligence and wrongdoing of other individuals and entities." Dkt. 12 at 29. Several of Leibowitz's affirmative defenses invoke reliance on counsel. Leibowitz's Fourth Affirmative Defense asserts that Leibowitz "acted in good faith at all times, and any alleged misrepresentation or omission by Defendant was based on good faith and in reliance upon information provided by others upon whom Defendant was entitled to rely." Dkt. 12 at 27. Leibowitz likewise asserts in his Fifth and Ninth Affirmative Defenses that he "acted in good faith" and asserts in his Tenth Affirmative Defense that he "reasonably relied upon the actions and statements of others." Dkt 12 at 27-28. Most explicitly, Leibowitz's Eleventh Affirmative Defense asserts that he "acted in good faith at all times and in reliance upon representations, information, opinions, advice, professional judgment, and statements prepared or presented by one or more accountants, auditors, or attorneys for Acreage, whom Defendant reasonably believed to be fully informed, honest, reliable, and competent in the matters presented." Dkt. 12 at 28-29.

On May 12, 2025, the Commission moved pursuant to Rule 12(f) to strike Leibowitz's Thirteenth Affirmative Defense for contribution and all defenses asserting reliance on the advice of counsel and good-faith belief in the lawfulness of Leibowitz's actions, including the Eleventh Affirmative Defense and any such assertions in the Fourth, Fifth, Ninth, and Tenth

3

Affirmative Defenses. Dkt. 20; Br. On May 27, 2025, Leibowitz filed his opposition to the motion to strike, Dkt. 25 ("Opp."), and on June 3, 2025, the Commission filed its reply, Dkt. 31 ("Reply").

Discovery has just begun. Dkt. 26. On May 12, 2025, the parties exchanged initial disclosures. Dkt. 32 ("Patel Decl. II") ¶ 7; Dkt. 23 at 3. Leibowitz served his first set of requests for production on May 14, 2025. Dkt. 23 at 3. Fact discovery is scheduled to conclude on October 16, 2025, and all discovery is scheduled to conclude on December 15, 2025. Dkt. 26 at 2-3. The Commission has not produced or requested documents from Leibowitz, and depositions have not been noticed. Opp. at 1.

### III. The Commission's Affidavits

In support of its Motion to Strike, the Commission filed the Declaration of Kiran Patel, with various factual assertions related to Leibowitz's purported assertion of the attorney-client defense and waiver of the privilege during the Commission's underlying investigation and this case. Dkt. 22 ("Patel Decl."). The Commission's declaration states that on an April 28, 2025 call between the parties' counsel, Leibowitz's counsel confirmed that Leibowitz would be asserting a "reliance on counsel" defense. Patel Decl. ¶¶ 2-3. However, Leibowitz's counsel "did not provide a waiver and did not indicate that [Acreage] had or would provide a waiver," instead stating that "they had not discussed the issue with Acreage's counsel." Patel Decl. ¶ 4. On April 29, 2025, Acreage's counsel told counsel for the Commission that "Acreage ha[d] not waived privilege," and that Leibowitz "ha[d] not requested that Acreage waive privilege." Patel Decl. ¶ 5.

The Commission's declaration further represents that during the investigation underlying this enforcement action, "Leibowitz withheld documents responsive to an investigative subpoena on privilege grounds and otherwise withheld information based on

4

Acreage's attorney-client privilege" and that "Leibowitz has not provided the Commission any indication that this position has changed." Patel Decl. ¶ 6. Moreover, the Commission states that "[d]uring the investigation . . . , Acreage and witnesses including Acreage's former general counsel also withheld documents from production on privilege grounds." Patel Decl. ¶ 7.

On June 3, 2025, the Commission submitted a second declaration in support of its reply brief. Patel Decl. II. The June 3, 2025 declaration represents that on May 12, 2025, Leibowitz served initial disclosures on Commission counsel that excluded documents that were "protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity," but expressly qualified that "Mr. Leibowitz does not intend for this paragraph to belong to any privilege belonging to [Acreage]." Patel Decl. II ¶ 7. Moreover, on June 2, 2025, "counsel for Acreage informed counsel for the Commission that, as of that date, Leibowitz ha[d] not requested that Acreage waive the attorney-client privilege." Patel Decl. II ¶ 8.

## LEGAL STANDARD

Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either "on its own" or in response to a party's motion. Fed. R. Civ. P. 12(f). However, there must be a "strong reason" for doing so, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976), and the "standard for a plaintiff to prevail is demanding," *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 464 (S.D.N.Y. 2021). Generally, motions to strike are "viewed with disfavor and infrequently granted." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 394 (S.D.N.Y. 2009) (quoting *In re Merrill Lynch & Co., Rsch. Reps. Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003)), *aff'd*, 387 F. App'x 72 (2d

Cir. 2010) (summary order). The Court "has discretion when deciding to strike an affirmative defense." *Gupta v. New Silk Route Advisors, L.P.*, No. 19-cv-09284 (PKC), 2021 WL 1812202, at *2 (S.D.N.Y. May 5, 2021) (first citing *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019); and then citing *Art Media, LLC v. Brant*, No. 19-cv-11218 (VM) (RWL), 2021 WL 746261, at *4 (S.D.N.Y. Feb. 12, 2021)), *report and recommendation adopted*, 2021 WL 2193020 (S.D.N.Y. Mar. 5, 2021)).

In *GEOMC Co. v. Calmare Therapeutics Inc.*, the Second Circuit "clarif[ied] the factors relevant to striking an affirmative defense." 918 F.3d at 97. To succeed on a motion to strike, a plaintiff must show that (1) "there is no question of fact which might allow the defense to succeed" when applying the "plausibility" standard set by *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007); (2) "there is no question of law which might allow the defense to succeed"; and (3) the plaintiff "would be prejudiced by the inclusion of the defense." 918 F.3d at 96-99 (citation omitted). With respect to the application of the plausibility standard to affirmative defenses, the Second Circuit cautioned that "context matters" and a "relaxed application" of the plausibility standard may be "warrant[ed]" depending on the "nature of the affirmative defense." *Id.* at 98. As for the prejudice requirement, the Second Circuit held that "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." 918 F.3d at 98.

Finally, in considering a motion to strike, "courts typically can't consider materials outside the pleadings." *Bensky v. Indyke*, 743 F. Supp. 3d 586, 596 (S.D.N.Y. 2024); *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 131 (S.D.N.Y. 2015) ("The 'sufficiency of a defense is to be determined solely upon the face of the pleading,' and the court 'accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the non-moving party's favor.'" (alteration adopted) (quoting *Coach, Inc. v. Kmart Corps.*,

6

756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010))); *Corley v. Jahr*, No. 11-cv-09044 (RJS) (KNF), 2012 WL 4888303, at *2 (S.D.N.Y. Oct. 4, 2012) ("In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true." (quoting *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 100 (S.D.N.Y. 1985))), *report and recommendation adopted*, 2012 WL 6187076 (S.D.N.Y. Dec. 12, 2012).

Given this, the parties dispute whether the Court should consider the Commission's declarations on this motion to strike. *See, e.g.*, Opp. at 7-8; Reply at 4 n.1. The Commission asserts that "[w]hile motions to strike are generally determined on the facts of the pleadings, courts can and do acknowledge the undisputed procedural context for such motions when determining them." Reply at 4 n.1. But the authorities the Commission cites considered the parties' *own* assertions in the record, which are different in kind from considering an opposing counsel's sworn representations against a party on a motion to strike. *See, e.g.*, *SEC v. Honig*, No. 18-cv-08175 (ER), 2021 WL 5630804, at *9 (S.D.N.Y. Nov. 30, 2021) (considering, in granting motion to strike, "[defendant's] assertions in the record," including defendant's representations in letter to the court); *Eunhasu Corp. v. NorGuard Ins. Co.*, No. 19-cv-07696 (ER), 2020 WL 5513159, at *4 (S.D.N.Y. Sept. 14, 2020) (considering defense counsel's statements at pretrial conference and noting that "statements made by counsel in informal contexts may affect the propriety of the content of an answer"). The Court therefore does not consider the Commission's declarations in rendering its decision. Even if it did, however, the declarations would not alter the Court's ruling, which largely rests on the still-early procedural posture of this case.[1]

---

[1] The Commission's brief also asserts that its pre-complaint investigation "did not uncover any evidence suggesting that Leibowitz sought or obtained legal advice from counsel about how Acreage should account for the round-trip cash transfer or what Leibowitz should or should not say to Acreage's audit firm about the transaction." Br. at 8 n.2. The Court

7

**DISCUSSION**

The Commission moves to strike Leibowitz's affirmative defenses (i) invoking advice received from, or any other form of reliance on, counsel, and (ii) asserting a purported right of contribution. Br. at 1. The Court addresses these affirmative defenses separately.

### I. Defenses Invoking Reliance on Counsel

The Commission argues that the Court should strike Leibowitz's defenses involving his purported reliance on counsel because Leibowitz "has neither sought nor obtained Acreage's waiver of the privilege," thereby preventing the Commission from "conduct[ing] relevant discovery or otherwise test[ing] these defenses." Br. at 1. That is, Acreage has not yet waived privilege as to communications between Acreage's General Counsel and Leibowitz. *Id.* at 6. Leibowitz in turn argues that the Commission's motion is "premature" given the early procedural posture of this action. Opp. at 1. Leibowitz notes that, as of the filing of the parties' respective motion papers, the "SEC ha[d] not produced to or requested a single document from Mr. Leibowitz, nor ha[d] a single deposition been noticed." *Id.* Moreover, Leibowitz argues that he has "not yet had the opportunity to determine which communications fall within the scope of any privilege or whether a subject matter waiver has occurred (or will occur)," and that "neither [he], nor the holder of the privilege at issue (Acreage) has had an opportunity to formally waive, or not waive, privilege." *Id.* For the reasons set forth below, the Court agrees with Leibowitz that the Commission's motion to strike Leibowitz's advice-of-counsel and related affirmative defenses is premature.

To assert an advice-of-counsel defense, defendants must "show that [they] made complete disclosure to counsel, sought advice as to the legality of [their] conduct, received

---

likewise does not consider those representations, as they are outside the pleadings and are not even sworn statements.

8

advice that [their] conduct was legal, and relied on that advice in good faith." *Markowski v. SEC*, 34 F.3d 99, 104-05 (2d Cir. 1994). Typically, reliance on an advice-of-counsel defense effects an implied waiver of the attorney-client privilege. *In re County of Erie*, 546 F.3d 222, 228-29 (2d Cir. 2008). Indeed, "[a]sserting an advice-of-counsel defense . . . is a 'quintessential' at-issue waiver because good-faith reliance on privileged information is a required element of the defense." *Abromavage v. Deutsche Bank Sec. Inc.*, No. 18-cv-06621 (VEC), 2019 WL 6790513, at *3 (S.D.N.Y. Dec. 11, 2019) (quoting *In re County of Erie*, 546 F.3d at 228). "[A] party need not," however, "explicitly rely upon advice of counsel to implicate privileged communications," and may instead place advice of counsel in issue "where, for example, a party's state of mind, such as his good faith belief in the lawfulness of his conduct, is relied upon in support of a claim of defense." *Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*, No. 09-cv-08083 (GBD) (THK), 2010 WL 4983183, at *3 (S.D.N.Y. Dec. 6, 2010), *objections overruled*, 2011 WL 2946380 (S.D.N.Y. July 14, 2011); *see also Abromavage*, 2019 WL 6790513, at *3 ("[A] defendant invoking his good faith may place his privileged communications at issue even if he does not specifically plead or argue that he relied on an attorney's advice."); *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 611 (S.D.N.Y. 2014) ("[C]ourts within this Circuit . . . have reaffirmed the broader principle that forfeiture of the privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice." (alteration in original) (citation omitted)).

    A party asserting an advice-of-counsel or related defense bears "the burden" of "mak[ing] a full disclosure during discovery," *United States v. Wells Fargo Bank N.A.*, No. 12-cv-07527 (JMF), 2015 WL 3999074, at *1 (S.D.N.Y. June 30, 2015) (quoting *Arista Recs. LLC v. Lime Grp. LLC*, No. 06-cv-05936 (KMW), 2011 WL 1642434, at *2 (S.D.N.Y.

9

Apr. 20, 2011)), meaning that the "party may not 'block his adversary from conducting discovery on the issue' by asserting the privilege," *id.* at 1 n.1 (alterations adopted) (quoting *E.G.L. Gem Lab Ltd. v. Gem Quality Inst., Inc.*, 90 F. Supp. 2d 277, 296 n.133 (S.D.N.Y. 2000), *aff'd*, 4 F. App'x 81 (2d Cir. 2001) (summary order)).  "Courts in this Circuit require the timely assertion of a defense of reliance on the advice of counsel (*and the corresponding waiver of attorney-client privilege*) such that the non-asserting party will not face unfair prejudice in conducting discovery and managing the case." *Honig*, 2021 WL 5630804, at *7 (emphasis added).  Therefore, to assert an advice-of-counsel or other defense invoking reliance on counsel, Leibowitz must either affirmatively waive the privilege or forfeit the defense.

Here, the attorney-client privilege is held by Leibowitz's corporate employer, Acreage.  Therefore, if Leibowitz wishes to persist in his advice-of-counsel defense, he "must seek [Acreage's] waiver of the privilege," since "the privilege at issue belongs to [Acreage] and only [the company] can elect to waive it." *Honig*, 2021 WL 5630804, at *15.  *United States v. Wells Fargo Bank N.A.* addressed this very issue as a matter of "first impression" in the Second Circuit.  132 F. Supp. 3d 558, 559, 566 (S.D.N.Y. 2015).  In that case, the defendant's former employer, Wells Fargo, sought a protective order precluding the defendant from disclosing any privileged communications. *Id.* at 559.  The court found that the defendant could "not assert an advice-of-counsel defense over Wells Fargo's objection." *Id.*  In so holding, the court, citing the Supreme Court's decision in *Swidler & Berlin* v. *United States*, 524 U.S. 399 (1998), observed that the attorney-client privilege is not among those privileges "that are qualified and can, therefore, be overcome by a showing of sufficient need." *Wells Fargo*, 132 F. Supp. 3d at 563.  The court stressed that a holding to the contrary "would essentially transform a corporate entity's attorney-client privilege into a qualified privilege"

and "upend the carefully calibrated doctrine governing when the privilege exists and who has authority to waive it." *Id.* That Leibowitz will need to obtain Acreage's waiver of privilege to pursue his advice-of-counsel defense is therefore well-established, and indeed, Leibowitz does not contest this point.[2]

The Commission argues that because Leibowitz has not yet obtained Acreage's waiver, each affirmative defense implicated by Leibowitz's purported reliance on counsel should be stricken. Br. at 1-2. But the Commission's motion is premature. Leibowitz asserted his advice-of-counsel defense early in this case, in his Answer; discovery is still in its early stages, with months remaining until the end of discovery; and, at least as of the time of his opposition, Leibowitz had not withheld any documents or testimony based on Acreage's attorney-client privilege. *See* Opp. at 11. Moreover, the procedural record is not yet sufficiently developed for this Court to infer that Leibowitz in fact "refuses or is unable to waive the privilege." Br. at 6. In arguing otherwise, the Commission relies largely upon declarations submitted in support of its motion to strike. *See, e.g.*, Patel Decl.; Patel Decl. II. For the reasons set forth above, *see supra* pp. 7-8, the Court does not find that consideration of those declarations is appropriate on this motion. Even if the Court were to consider the Commission's declarations, they merely establish that Leibowitz has not yet requested that Acreage waive the attorney client privilege — not that Leibowitz "refuses" to obtain a waiver, or that Acreage has formally declined to waive the privilege. Moreover, as Leibowitz notes, it

---

[2] The Court does not read Leibowitz's opposition brief as making the argument, as the Commission suggests, that it is "somehow the Commission's responsibility to procure a waiver" of the privilege from Acreage, Reply at 6. But to the extent that Leibowitz claims that responsibility to obtain a waiver instead rests with the Commission, that argument is contrary to *Wells Fargo* and subsequent authorities in this Circuit holding that an employee must obtain his employer's waiver of the privilege to assert an advice-of-counsel defense. *See, e.g.*, *Wells Fargo*, 132 F. Supp. at 566; *Honig*, 2021 WL 5630804, at *15.

is not clear from the declarations whether Acreage or its agents already waived privilege during the Commission's pre-complaint investigation. Opp. at 13. Discovery may reveal facts relevant to the issues of privilege and waiver, including whether Acreage asserted privilege and/or waived the privilege during the Commission's investigation. Although Leibowitz will eventually have to obtain a waiver from his employer, that he has not done so yet is not a basis for striking his defenses at this early stage.

Notably, the Commission does not cite, and this Court is not aware of, any case that has stricken a defendant's advice-of-counsel or "good faith" defense in this early procedural posture, before discovery has even commenced in earnest. To the contrary, the Commission's citations to *Honig* and *Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*, No. 14-cv-04394 (AJN) (BCM), 2017 WL 9802844 (S.D.N.Y. Sept. 15, 2017), underscore the untimeliness of the present motion to strike. In *Honig*, the SEC brought a post-discovery motion to strike defendant's advice-of-counsel defense after the defendant "routinely withheld documents and testimony on the basis of the attorney-client privilege" and "informed the SEC on multiple occasions that he was not waiving privilege." 2021 WL 5630804, at *4; *see also id.* at *9. Given that discovery had concluded in the matter, the *Honig* court found that permitting the defendant "to assert a defense that necessarily requires the reopening of fact discovery after having withheld documents on privilege grounds and instructed deposition witnesses not to testify about allegedly privileged information would be unfair to the SEC and inefficient." *Id.* at *9. *Honig* is therefore consistent with the finding of other courts in this Circuit that "[w]here [a] party either declines to definitely assert the defense or raises the defense after having routinely withheld documents and deposition testimony based on the attorney-client privilege, courts have found that the party waived the defense, and will not be

permitted to assert it." *Id.* at *7. Leibowitz, however, has timely asserted the privilege and discovery has just commenced.

Similarly, in *Royal Park*, the court granted a motion to strike the defendant's affirmative defense once fact discovery had primarily closed and the defendant had "consistently invoked the attorney-client privilege to withhold all documents that could potentially support an advice of counsel defense." 2017 WL 9802844, at *6; *see also id.* at *2 (observing that defendant "routinely instructed deposition witnesses not to reveal confidential attorney-client communications with, or legal advice provided by, its in-house counsel"). Moreover, the court struck the defendant's defense only after setting a deadline for the defendant to affirmatively assert an advice-of-counsel defense, which the defendant did not heed. *Id.* at *4.

*Honig* and *Royal Park* are therefore inapposite and do not warrant the extraordinary measure of striking Leibowitz's advice-of-counsel defense at this early juncture. Contrary to the Commission's assertions otherwise, there is no indication Leibowitz has wielded the attorney-client privilege as a "sword and shield," *Honig*, 2021 WL 5630804, at *8, such that he has asserted the advice-of-counsel defense at the same time as he has invoked Acreage's privilege to withhold documents and/or testimony.

In addition, to the extent the Commission seeks to strike Leibowitz's advice-of counsel defense because it "does not provide a defense to non-scienter based claims," Br. at 7 n.1, knowledge is a relevant element of at least two of the provisions the Commission charges Leibowitz with violating. *See, e.g.*, 15 U.S.C. § 78m(b)(5) ("No person shall knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in paragraph (2)."); 15 U.S.C. § 78t(e) ("[A]ny person that knowingly or recklessly provides substantial assistance to another

13

person in violation of this chapter, or of any rule or regulation issued under this chapter, shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided."). Moreover, the Commission is also seeking civil monetary penalties pursuant to 15 U.S.C. § 78u(d)(3). Compl. ¶ 12. Under that provision, a three-tiered statutory scheme guides the Court in determining the appropriate penalty to impose. 15 U.S.C. § 78u(d)(3)(B). To determine the appropriate tier, courts in this Circuit look to, among other factors, "the egregiousness of the defendant's conduct" and the "degree of the defendant's scienter." *SEC v. O'Brien*, 674 F. Supp. 3d 85, 103-04 (S.D.N.Y. 2023) (quoting *SEC v. Fowler*, 6 F.4th 255, 266 (2d Cir. 2021)), *aff'd*, No. 23-1071, 2024 WL 2813722 (2d Cir. June 3, 2024) (summary order).

To ameliorate any potential prejudice by the inclusion of this affirmative defense, the Court will require Leibowitz to inform the Commission whether he intends to pursue an advice of counsel defense, and whether he has obtained Acreage's waiver of the privilege, by **September 1, 2025** in order to provide the Commission with enough time to conduct necessary discovery related to the defense. If by the close of business on **September 1, 2025**, Leibowitz has not clearly delineated the extent of that defense (including whether he has obtained waiver of Acreage's privilege), the defense will be deemed waived. The Commission suggested that it would be amenable to proceeding in this manner in the event the Court denied its motion to strike, Reply at 8 n.5, and this approach should address the Commission's concerns with respect to deferring the issue until after the conclusion of discovery. This approach is also consistent with that taken in *Royal Park*, 2017 WL 9802844, at *4, and should provide Leibowitz sufficient time to determine which communications fall within the scope of the privilege and whether there has been any subject matter waiver of the privilege.

For the foregoing reasons, the Commission's motion to strike Leibowitz's affirmative defenses that rely on the advice of counsel is denied as premature.

## II. Contribution Defense

The Commission likewise moves to strike Leibowitz's Thirteenth Affirmative Defense, which states: "Defendant asserts a right to contribution based on the alleged negligence and wrongdoing of other individuals and entities," Dkt. 12 at 29. *See* Br. at 11-13. The Commission argues that Leibowitz's contribution defense amounts to a "vague boilerplate assertion" without sufficient factual support to meet the *Twombly* plausibility standard. *Id.* at 11. Moreover, the Commission maintains that a contribution defense is not appropriate here because there is no right of contribution in a Commission enforcement action seeking injunctive relief and civil penalties instead of damages. *Id.* at 12-13. Finally, the Commission argues that, even when "contribution" applies, it functions not as a "defense against liability" but only as a "mechanism for a defendant to assert a claim against a third party," and such third-party claims "are statutorily prohibited in Commission enforcement actions, absent consent of the Commission." *Id.* at 2, 12.

Leibowitz, on the other hand, argues the Commission's motion to dismiss his contribution defense should be denied for at least three reasons. First, as with his advice-of-counsel defense, Leibowitz maintains that the SEC's request is "premature." Opp. at 3. Second, Leibowitz argues that there is "at least a question" as to whether he may assert a defense of contribution without filing a crossclaim against a third-party. *Id.* Finally, Leibowitz asserts that the Commission "has not demonstrated any prejudice" other than "conclusory assertions that the SEC will face a larger discovery process." *Id.* The Court agrees that this motion is premature and therefore declines to strike Leibowitz's contribution defense at this time.

15

As the Second Circuit instructed in *GEOMC*, the plausibility standard is "context-specific" and should be applied with less rigor to affirmative defenses, particularly where the facts necessary for the defense "may not be readily known to the defendant." 918 F.3d at 98 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (observing that "the facts needed to plead an ultra vires defense . . . may not be readily known to the defendant, a circumstance warranting a relaxed application of the plausibility standard"). Such is the case here, where Leibowitz has not yet had the benefit of discovery to further develop a defense based on the culpability or actions of other entities and individuals. While the Commission asserts that Leibowitz's defense is conclusory and vague, the Court finds that, in this early posture, it is sufficiently pleaded. *See, e.g.*, *SEC v. Esposito*, No. 16-cv-10960 (ADB), 2017 WL 5615571, at *3 (D. Mass. Nov. 21, 2017) (finding sufficient affirmative defense asserting that "the allegations in the [c]omplaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party or parties over whom [defendant] had no control").[3]

To the extent that the Commission contends that Leibowitz's contribution defense is legally insufficient, the bar for so finding is a demanding one: a "court may strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon

---

[3] The Commission cites *GEOMC*'s holding, whereby the Second Circuit affirmed the district court's order striking defenses that alleged that the "[plaintiff's] damages were caused by its own negligence" and that the plaintiff "failed to join a necessary party" because the defenses introduced "vague allegations regarding the actions of unnamed third parties." Br. at 11 (alteration in original) (quoting *GEOMC*, 918 F.3d at 99). But the Second Circuit's reasoning emphasized the procedural posture of that case, which was different than that of the present case. In *GEOMC*, unlike here, "both defenses were presented at a late stage of the litigation" and sought "to challenge claims made nearly a year earlier in the first amended complaint." 918 F.3d at 99. *GEOMC*'s holding is therefore entirely consistent with the Second Circuit's guidance in that case that assessments of affirmative defenses should be "context-specific." *Id.* at 98 (citation omitted).

them." *Serby v. First Alert, Inc.*, 934 F. Supp. 2d 506, 516 (E.D.N.Y. 2013) (citation omitted). As the Second Circuit has held, to prevail on a motion to strike, the movant must show that there is "no question of law which might allow the defense to succeed." *GEOMC*, 918 F.3d at 97 (citation omitted); *see id.* at 97-98. The Commission argues, without citation to cases akin to the circumstances here, that the legal insufficiency standard is satisfied here because (1) contribution is not available in civil enforcement actions for legal or equitable relief, and (2) even if available, contribution can only be asserted as a crossclaim against a third-party, which requires the Commission's consent under Section 21(g) of the Exchange Act, 15 U.S.C. § 78u(g). Br. at 11-13.

Admittedly, the precise contours of Leibowitz's defense are unclear. Although "contribution" is ordinarily invoked as a doctrine allowing defendants to "seek contribution from other joint tortfeasors who have paid no damages or paid less than their fair share," *Musick, Peeler & Garrett v. Emps. Ins. of Wausau*, 508 U.S. 286, 288 (1993), in this posture, drawing all inferences in favor of Leibowitz, the Court declines to strike Leibowitz's defense. While Leibowitz does use the term "contribution," it is at least plausible that the Thirteenth Affirmative Defense sounds in contributory negligence or asserts generally that others are responsible for the wrongdoing alleged. The Commission's cited authorities support that, under Section 21(g) of the Exchange Act, third-party claims and crossclaims cannot be asserted in a Commission enforcement action absent consent of the Commission, *see* Br. at 12-13; Reply at 9, but do not support the Commission's assertion that Leibowitz can only assert his defense that others are responsible as a third-party claim. Just as another court has held in denying a motion to strike a similar affirmative defense, to the extent Leibowitz claims that "someone other than [Leibowitz], who was not acting at [his] behest, is responsible for the alleged conduct and harm," Leibowitz should "be allowed to present evidence to such

effect." *Esposito*, 2017 WL 5615571, at *3. As noted above, under the relief that the Commission seeks pursuant to 15 U.S.C. § 78u(d)(3), the Court must consider certain factors in determining the appropriate penalty to impose, including "the egregiousness of the defendant's conduct" and the "degree of the defendant's scienter." *O'Brien*, 674 F. Supp. 3d at 103-04 (quoting *Fowler*, 6 F.4th at 266). The culpability of others for the charged conduct may be relevant to the penalty tier attributed to Leibowitz and in this early procedural posture, the Court draws all inferences in favor of Leibowitz. *See Esposito*, 2017 WL 5615571, at *3 (declining to dismiss affirmative defense asserting that injuries and damages "were caused by the acts or omissions of a third party or parties over whom [defendant] had no control," notwithstanding that "the precise contours of [the] defense [were] unclear" and that the "SEC need not prove causation or damages" to prove Section 5 liability). Whether Leibowitz will pursue this defense in a manner that is ultimately precluded by the securities laws is a question for another day, but the Court will not strike such a defense at this early stage before it has been fully developed.

     Finally, even if this defense expands discovery, although it is unclear that it would, that is not a basis for striking the defense. *See, e.g.*, *GEOMC*, 918 F.3d at 98 ("A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation."); *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, No. 11-cv-01638 (CM), 2012 WL 612358, at *16 (S.D.N.Y. Feb. 23, 2012) (finding that, "[t]o the extent a particular defense cannot conceivably succeed, as a matter of law or as a matter of fact, its continued presence in the pleading does not prejudice [plaintiff]"; "[i]f and when [plaintiff] feels that it is being burdened with unnecessary and oppressive discovery, it can seek a protective order").

For the aforementioned reasons, the Court declines to strike Leibowitz's Thirteenth Affirmative Defense.

## CONCLUSION

For the foregoing reasons, the Commission's motion to strike Leibowitz's affirmative defenses invoking reliance on counsel and the Thirteenth Affirmative Defense is DENIED. Leibowitz shall, however, inform the Commission by 5:00 p.m. on **September 1, 2025**, of the extent of his advice-of-counsel defense and whether he has obtained waiver of the privilege from Acreage.

The Clerk of Court is respectfully directed to terminate Dkt. 20.

Dated: July 23, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge